## STONE v. McMAHAN.

The certificate of purchase or duplicate receipt of the treasurer of the Des Moine river board of public works is made *prima facie* evidence of title under the Code.

## *Appeal from Polk District Court.*

*Opinion by* GREENE, J. An action of forcible entry and detainer. Under the pleadings, the only question involved, was that of title to the land. The plaintiff, James Stone, introduced the duplicate receipt of George Gillespie, treasurer of the board of public works, for the Des Moine river improvement, showing that the land was entered in his name, at the Des Moine river land office. Upon this evidence plaintiff moved for a non-suit, which was granted.

As the case is presented, the only question to be decided is, does the duplicate receipt amount to *prima facie* evidence of title. By the Code, § 2435, the usual duplicate receipt of the receiver of any land offices, is made proof of title equivalent to a patent, against all but the holder of an actual patent. This section abstractly considered, might be deemed applicable only to the land offices of the United States. But by the laws of 1847 p. 168, § 26, the treasurer of the Des Moine river improvement is made receiver, and the secretary register of the Des Moine river land office, and this act provides that " in the discharge of their duties as register and receiver, they shall be governed by the laws and rules prescribed by congress for the sale of lands in this state." Although this act was subsequently amended still these features were in force at the time the duplicate receipt in question was given, and hence it would come under the rule of evidence established by § 2435 of the Code.

The office for the sale of the Des Moine river lands is

established by a public law, and all acts or evidences of title authorized by that law should be recognized by our courts *ex-officio*.

As the duplicate receipt in this case showed title in plaintiff and as this was the only point in issue, the court should have overruled the motion for a non-suit.

Judgment reversed.

*Wm. Penn Clarke*, for appellant.

*Casady* and *Tidrick*, for appellee.